CITY OF ST. PAUL v. ALLEN HAGEN.

211 N. W. 2d 233.

August 31, 1973—No. 43799.

*Richard H. Knutson,* Legal Assistance of Ramsey County, Inc., for appellant.

*Kenneth J. Fitzpatrick,* City Attorney, and *A. Keith Hanzel,* Assistant City Attorney, for respondent.

PER CURIAM.

Defendant, convicted in St. Paul municipal court after a trial without a jury of violating St. Paul Legislative Code, § 438.02, which deals with "disorderly conduct," appeals from judgment of conviction. Section 438.02 reads as follows:

"No person shall make, aid or countenance, or assist in making any noise, riot, disturbance or improper diversion, to the annoyance or disturbance of the citizens, or other persons in said city; nor collect in bodies or crowds in any street or public place in said city, so as to obstruct public travel thereon."

Defendant interprets this ordinance as applying only if the prohibited conduct actually disturbs two or more people, and contends that the evidence against him was insufficient as a matter of law because there was insufficient proof that more than one person, defendant's estranged wife, was actually disturbed by his conduct. The city disagrees with defendant's interpretation of the ordinance and contends that in any event the evidence was sufficient to permit the inference which the judge made that more than one person was disturbed by the conduct.

Defendant's wife, the only person who testified at trial, gave the following testimony: At approximately 5 p.m. on Sunday, March 26, 1972, defendant, who was separated from his wife pending a divorce, arrived at his wife's residence in St. Paul for the purpose of visiting his two children, ages 12 and 15. Pursuant to a temporary order, defendant was

518

entitled to visit his children between the hours of 1 and 8 p.m. on Sundays, but only if he was sober. Because he was drunk, defendant's wife asked him to leave; when he refused she called the police, who came and escorted him away. Later, at about 9:30 p.m., defendant returned and began pounding on the door and shouting obscenities. Defendant's wife, who was in the house with the two children, refused to open the door and asked defendant to leave. The pounding and shouting continued for 15 to 20 minutes. In response to her call, the police came again; this time she signed a citizen's arrest form and the police took defendant off to jail.

We affirm defendant's conviction without deciding whether the ordinance applies only if the prohibited conduct actually disturbs two or more people since in this case the trial court, acting as trier of fact, properly found on the basis of sufficient evidence that not only defendant's estranged wife but others also were disturbed by defendant's conduct.

Affirmed.

MR. CHIEF JUSTICE KNUTSON took no part in the consideration or decision of this case.